UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD J. ARNOLD, | ) |
| Plaintiff, | ) |
| vs. | ) No. 4:08-CV-1327(CEJ) |
| DON ROPER, | ) |
| Respondent. | ) |

### MEMORANDUM

This matter is before the Court on the petition of Donald Arnold for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a response in opposition, and the issues are fully briefed.

I.    Procedural History

On July 7, 2004, a jury in the Circuit Court of Jefferson County, Missouri, found petitioner guilty of one count of first degree assault and one count of armed criminal action. Resp. Ex. J at 364-65. On November 15, 2004, petitioner was sentenced as a prior offender to two concurrent 30-year terms of imprisonment. Id. at 390

On direct appeal, the Missouri Court of Appeals affirmed petitioner's conviction and sentence in a per curiam order issued on October 18, 2005. State v. Arnold, 173 S.W.3d 691 (Mo. App. E.D. 2005) (Resp. Ex. E). Along with its opinion, the appeals court issued to the parties an non-precedential addendum explaining the basis for its decision. Resp. Ex. E.

On December 20, 2005, petitioner filed a motion for post-conviction relief under Missouri Rule 29.15. Resp. Ex. H at 91. The trial court, after an evidentiary hearing, denied the motion on December 4, 2006. Id. The Missouri Court of Appeals summarily

affirmed the denial of post-conviction relief in a per curiam opinion issued on November 20, 2007. <u>Arnold v. State</u>, 239 S.W.3d 130 (Mo. App. E.D. 2007) (Resp. Ex. I). The appeals court again issued to the parties an non-precedential addendum explaining the basis for its decision. Resp. Ex. I at 2.

In the instant § 2254 petition, petitioner asserts two grounds for relief: (1) the trial court erred in not allowing him to question the victim about a pending DWI charge, which prevented petitioner from showing the witness' bias and violated his right to confront witnesses; and (2) counsel's failure to challenge the trial court's refusal to suppress petitioner's post-arrest statements violated his right to effective assistance of counsel.

## II. Background

The evidence at trial established that petitioner and Tom Douglas became involved in a verbal altercation that escalated to a physical fight. After petitioner retreated to his vehicle, Douglas followed armed with a knife. Melvin Meyers attempted to intervene and in the process of doing so, he was struck by petitioner's car and trapped underneath it. Meyers suffered a broken leg and severe burns to his abdomen that required hospitalization and reconstructive surgery.

Petitioner remained at the scene while Meyers was being treated. After interviewing Douglas and Melissa Arnold, who was present during the altercation, Deputy Smith gave the <u>Miranda</u> warnings to petitioner. Petitioner was then questioned and was ultimately arrested for assault and armed criminal action.

At trial, petitioner testified that he accidentally hit Meyers and that he had not seen him because it was dark. The jury found that petitioner intended to hit Meyers and found him guilty of first degree assault and armed criminal action.

### III. Legal Standard

Federal courts may not grant habeas relief on a claim that has been decided on the merits in state court unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d)(1)-(2).

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result."  Brown v. Payton, 544 U.S. 133, 141 (2005).  "The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Brown v. Luebbers, 371 F.3d 458, 461 (8th Cir. 2004) (citing Early v. Packer, 537 U.S. 3, 8 (2002)).  "In the 'contrary to' analysis of the state court's decision, [the federal court's] focus is on the result and any reasoning that the court may have given; the absence of reasoning is not a barrier to a denial of relief."  Id.

A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner," Payton, 125 S. Ct. at 1439; Williams v. Taylor, 529 U.S. 362, 405 (2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply."

-3-

<u>Id.</u> at 406.  "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." <u>Carter v. Kemna</u>, 255 F.3d 589, 592 (8th Cir. 2001) (quoting <u>Williams</u>, 529 U.S. at 410-11).

A state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record.  28 U.S.C. § 2254(e)(1); <u>Ryan v. Clarke</u>, 387 F.3d 785, 790 (8th Cir.2004). "[T]he prisoner has the burden of rebutting the presumption of correctness by clear and convincing evidence." <u>Barnett v. Roper</u>, 541 F.3d 804, 811 (8th Cir. 2008).

**IV. Discussion**

    **A. Ground One**

Petitioner first claims that the trial court erred when it refused to allow petitioner to cross-examine Meyers about a DWI charge pending in Jefferson County Circuit Court.  Petitioner did bring up the DWI charge during Meyers' cross-examination, but after the trial court sustained the state's objection, petitioner abandoned the inquiry. Petitioner never made an offer of proof as to the DWI charge.  Following Meyers' testimony, the state filed a motion in limine to prevent petitioner from referring to the pending DWI charge.  Petitioner did not oppose the motion in limine and the trial court granted it.  Petitioner now asserts that the trial court's rulings prevented him from establishing that Meyers expected to receive favorable treatment on the DWI charge by testifying for the state at petitioner's trial.  Petitioner also contends that the rulings violated his right to confront witnesses.

Petitioner raised this same argument on direct appeal. The appeals court found that petitioner's failure to make a specific and definite offer of proof at trial precluded

review of his claim that the DWI evidence was improperly excluded. Resp. Ex. E at 2 (citing <u>Terry v. Mossie</u>, 59 S.W.3d 611, 612 (Mo. Ct. App. 2001); <u>State v. Comte</u>, 141 S.W.3d 89, 93 (Mo. Ct. App. 2004)). Finding nothing preserved for review, the appeals court affirmed petitioner's conviction without examining the trial court's decision to exclude evidence of Meyers' DWI charge.

If petitioner "has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule," federal habeas review of the claims is procedurally barred. <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991). To overcome the procedural bar, petitioner must show "cause for the default and actual prejudice as a result of the alleged violation of federal law" or "that failure to consider the claims will result in a fundamental miscarriage of justice." <u>Id.</u> A showing of actual innocence would be a fundamental miscarriage of justice. <u>See</u> <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995). A claim of actual innocence requires petitioner "to support his allegations of constitutional error with new reliable evidence … that was not presented at trial." <u>Id.</u> This new evidence must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." <u>Id.</u> at 327 (citing <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986)). Thus, petitioner must establish that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." <u>Schlup</u>, 513 U.S. at 327.

Petitioner does not attempt to show cause for his procedural default. He does not claim his trial counsel was ineffective for failing to make an offer of proof. Petitioner also has not attempted to establish actual prejudice. He makes no showing of a reasonable likelihood that the outcome of the trial would have been different. Finally, petitioner has not alleged the existence of new evidence showing that a

fundamental miscarriage of justice will occur as a result of his procedurally barred claim.  Instead, petitioner claims that the evidentiary value of Meyers' DWI charge was inherent and that it should be preserved for review because the trial court sustained the state's objection only after he asked Meyers about his pending DWI charge.  This argument does nothing to excuse his failure to preserve the issued for review by making a definite and specific offer of proof.  See Coleman, 501 U.S. 722.  Additionally, the appeals court correctly applied Missouri law in finding that Meyers did not preserve his objection.  See Comte, 141 S.W.3d 89, 93 (Mo. Ct. App. 2004) (citing State v. Townsend, 737 S.W.2d 191 (Mo. banc 1987).  As such, the Court finds that petitioner's first claim is procedurally barred from review under § 2254.

Even considering the merits of petitioner's claim, the trial court did not err in excluding evidence of Meyers' DWI charge.  "Ordinarily the admissibility of evidence at trial is a matter of state law and will not form the basis for habeas relief."  Turner v. Armontrout, 845 F.2d 165, 169 (8th Cir. 1988), cert. denied, 488 U.S. 928 (1988).  However, a federal court may "grant habeas relief when a state court's evidentiary ruling infringes upon a specific constitutional protection or is so prejudicial that it amounts to a denial of due process." Id.  Here, petitioner still does not offer any facts suggesting that Meyers received or expected to receive favorable treatment in his pending DWI case in exchange for his testimony at petitioner's trial.  A defendant must first lay a foundation to introduce evidence that a witness expects favorable treatment in another case as a result of his or her testimony and "[s]peculating or theorizing motives for testifying [are] not sufficient."  State v. Moore, 252 S.W.3d 272 (Mo. Ct. App. 2008).  Thus, Meyers' pending DWI charge would not fit into the bias exception to the general rule that "a witness may not be impeached with a mere arrest,

investigation, or criminal charge not yet resulting in a conviction." Id.  The trial court's decision to exclude evidence of Meyers' DWI charge is consistent with Missouri law and the Court finds that petitioner has failed to show that the trial court's ruling was so prejudicial as to amount to a denial of due process.

Finally, petitioner claims that the trial court's exclusion of Meyers' DWI charge violated his constitutional right to confront witnesses.  While a meaningful opportunity for cross-examination is necessary, "the Confrontation Clause guarantees only 'an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.' " United States v. Owens, 484 U.S. 554, 557 (1988) (internal quotation omitted).  Here, petitioner was given the opportunity for meaningful cross-examination.  That is all that is required under the Confrontation Clause.  Id.; U.S. v. Boesen, 541 F.3d 838 (8th Cir. 2008) (defendant's right to meaningful cross-examination is properly limited by the rules of evidence).  As such, petitioner's attempt to repackage his due process challenge to the trial court's evidentiary ruling as a confrontation clause violation is similarly without merit.

### B. Ground Two

In his second ground for relief, petitioner claims that he was denied effective assistance of counsel on appeal by reason of his attorney's failure to challenge the trial court's ruling on a motion to suppress statements made by petitioner at the scene of the incident.  Petitioner claims that had the appeals court been asked to consider whether the statements were obtained in violation of Miranda, his conviction would have been reversed.

To prevail on a claim of ineffective assistance of counsel, a defendant must show

that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first Strickland prong, there exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Strickland, 466 U.S. at 689. In order to establish prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Further, in order to obtain relief under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state court applied Strickland incorrectly. Bell v. Cone, 535 U.S. 685, 699 (2002). "Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington v. Richter, 131 S.Ct. 770, 788 (2011).

First, respondent argues that petitioner's second basis for relief is also procedurally barred because, while petitioner raised this issued in his motion for post-conviction relief, he failed to raise the issue in his appeal of the trial court's order denying his post-conviction motion. Resp. Brief at 12 (citing Reese v. Delo, 94 F.3d 1177 (8th Cir. 1996). The Court agrees that petitioner's failure to raise his Miranda and ineffective assistance claims on appeal procedurally bar them from review under § 2254. See Reese, 94 F.3d 1177. Further, petitioner has not claimed that this default was justified, would result in actual prejudice, or would result in a fundamental

-8-

miscarriage of justice.  See Schlup v. Delo, 513 U.S. 298 (1995).

Alternatively, petitioner's second ground for relief fails on the merits because he cannot show that he suffered prejudice as a result of appellate counsel's failure to argue that petitioner's statements should have been suppressed under Miranda.  After a suppression hearing, the trial court determined that the arresting officer, Deputy Smith, informed petitioner of his Miranda rights before questioning him about how Meyers was injured.  Smith's testimony at the suppression hearing supports this finding. Resp. Ex. J at 125-35.  Nevertheless, petitioner argues that Smith's testimony was not credible because some of his testimony was contradictory.  Smith's credibility is a factual determination that is supported by the record and petitioner has offered no new evidence that would undermine this determination.  As such, petitioner has not shown that the trial court's finding that petitioner had knowingly and voluntarily waived his Miranda rights involved an unreasonable determination of the facts.  See 28 U.S.C. § 2254(e)(1); Barnett v. Roper, 541 F.3d 804, 811 (8th Cir. 2008) ("the prisoner has the burden of rebutting the presumption of correctness by clear and convincing evidence."); Prentiss v. Ault, 352 Fed.Appx. 141 (8th Cir. 2009) ("To be valid, a waiver of the rights protected by Miranda must be voluntary, knowing, and intelligent." (citing Miranda, 384 U.S. 436, 444)).  Based upon the facts as determined by the trial court, the trial court's denial of petitioner's motion to suppress his statements made to Smith was not contrary to, or an unreasonable application of, clearly established federal law.

## IV. Conclusion

For the reasons discussed above, the Court finds that petitioner's first and second grounds for relief are procedurally defaulted. Alternatively, petitioner has failed to establish that the state courts' decisions denying the two grounds for relief alleged

here were contrary to, or an unreasonable application of, clearly established federal law, or based upon an unreasonable determination of the facts in light of the evidence presented in state court proceedings. 28 U.S.C. § 2254(d). Because petitioner has failed to make a substantial showing of the denial of a constitutional right and the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

An order consistent with this Memorandum will be filed separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of September, 2011.